## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, ET AL.,<br><br>Debtors[1]. | Chapter 7<br><br>Case No. 23-10253-KBO<br>(Jointly Administered) |
| GEORGE L. MILLER, solely in<br>his capacity as the Chapter 7 Trustee of<br>AKORN HOLDING COMPANY, ET AL.,<br><br>Plaintiff,<br>v.<br><br>WALMART, INC.,<br><br>Defendant. | Adv. Pro. No. _____ |

## COMPLAINT FOR (I) PAYMENT OF GOODS SOLD AND DELIVERED, (II) BREACH OF CONTRACT, (III) ACCOUNT STATED, (IV) UNJUST ENRICHMENT (IN THE ALTERNATIVE), (V) TURNOVER OF ACCOUNTS RECEIVABLE, AND (VI) DISALLOWANCE OF CLAIMS

Plaintiff, George L. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estates

of Akorn Holding Company, LLC, Akorn Intermediate Company, LLC and Akorn Operating

Company LLC (collectively, the "Debtors") by and through his undersigned counsel, hereby files

this *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account

Stated, (IV) Unjust Enrichment (in the alternative), (V) Turnover of Accounts Receivable, and (VI)

Disallowance of Claims* (the "Complaint") against Walmart, Inc. (the "Defendant") and alleges as

follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253(KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254(KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' corporate headquarters were located at 5605 CenterPoint Court, Gurnee, IL 60031.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

5.     Plaintiff, George L. Miller, is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estates ("Trustee").

6.     Defendant, Walmart, Inc., is an entity with a principal place of business located at 1108 SE 10th Street, Bentonville, AR 72716-8004.

## BACKGROUND FACTS

7.     On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253, Akorn Intermediate Company LLC, Case No. 23-10254, and Akorn Operating Company LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered.

8.     On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Trustee to the bankruptcy estate of each of the Debtors.

2

9.      Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

10.      The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

11.      The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

12.      Prior to the Petition Date, the Debtors and the Defendant were parties to certain agreements and a course of dealing. Those agreements (collectively referred to herein as the "Agreements") are itemized as follows:

    A.      June 27, 2013 Supplier Agreement; and

    B.      May 1, 2018 Member Purchase and Services Agreement.

13.      Pursuant to the Agreements, the Debtors supplied products ordered by the Defendant and invoiced the Defendant for those products.

14.      Invoices from the Debtors in the amount of  $2,102,804.81 are outstanding as of the date of the filing of the Complaint and are due and owing from the Defendant to the Debtors.

15.      Defendant has not paid the full amount owed to the Debtors under the Agreements.

16.      The total amount owed to the Debtors by the Defendant is: $2,102,804.81.

17.      Attached to this Complaint as **Exhibit A** is a summary of the amounts due specifying the invoice date and the due date for each respective invoice.

18.      On or about June 22, 2023 demand letter to the Defendant informing the Defendant of the amount owed and demanding payment. A follow-up demand letter was sent to the Defendant

on July 3, 2024 (collectively, the "Demand Letters"). While Defendant acknowledged receipt of the Demand Letters, no resolution has been reached as of the filing of this Complaint.

19. The total amount of $2,102,804.81 remains due and owing from the Defendant.

20. Defendant filed a proof of claim against Akorn Operating Company LLC for no less than $299,452.51. *See* Case No. 23-10255, Claim No. 321.

## CLAIMS FOR RELIEF

### COUNT I
### (Goods sold and Delivered)

21. The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 20 of the Complaint as though set forth fully herein.

22. The Debtors sold the products ordered by the Defendant and delivered them to the Defendant pursuant to the terms of the Agreements.

23. Defendant accepted the products delivered by the Debtors without objection.

24. Upon delivery, Defendant became obligated to pay for those products at the agreed prices pursuant to the terms of the Agreement.

25. The total amount owed, as listed on **Exhibit A** remains unpaid.

26. Defendant failed to pay for the goods, despite the Plaintiff's demand therefor.

27. Plaintiff is entitled to a judgment for the price of the goods sold and delivered in the amount of $2,102,804.81.

WHEREFORE, Plaintiff prays for judgment against Defendant for the value of the goods sold and delivered to the Defendant, in the amount of $2,102,804.81 and for such other and further relief as the Court may deem just and proper.

ME1 22031095v.1

## COUNT II
### (Breach of Contract)

28.    The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 27 of the Complaint as though set forth fully herein.

29.    Prior to the Petition Date, the Debtors and the Defendant entered into the Agreements pursuant to which Defendant agreed to pay the Debtors for any goods sold and delivered to the Defendant.

30.    The Agreements were valid and enforceable contracts that Defendant was obligated to perform.

31.    Defendant's failure to compensate the Debtor for products ordered pursuant to the Agreements, in an amount not less than $2,102,804.81, constitutes a material breach of Defendants' obligations under the Agreements.

32.    As a direct and proximate result of Defendant's breach, the Debtors incurred damages in an amount not less than $2,102,804.81.

33.    Plaintiff is entitled to a judgment against Defendant in an amount not less than $2,102,804.81.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages caused by Defendant's breach of the Agreements in the amount of $2,102,804.81 plus prejudgment interest thereon, and for such other and further relief as the Court may deem just and proper.

## COUNT III
### (Account Stated)

34.    The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 33 of the Complaint as though set forth fully herein.

MEI 22031095v.1

35.     Defendant ordered products from the Debtors, and the Debtors invoiced the Defendant for those products, creating a debtor-creditor relationship between Defendant and the Debtors.

36.     The Debtors sent invoices to the Defendant, setting forth the amounts due and owing for Defendants' purchase of goods from the Debtors, as reflected in **Exhibit A**.

37.     Defendant never objected to the invoices described in **Exhibit A** and, therefore, consented to the amounts owed.

38.     Plaintiff has demanded that Defendants pay for the goods that they purchased and received from the Debtors.

39.     Defendants have failed and refused to pay for the goods received by the Debtors.

40.     There is an account stated, due and owing to the Debtors, in the amount of $2,102,804.81, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, Plaintiff prays for judgment against Defendants for the account stated in the amount of $2,102,804.81 and for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**(In the Alternative – Unjust Enrichment)**

41.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-40 of the Complaint as though set forth fully herein.

42.     The Debtors provided and delivered the products ordered by Defendant under the reasonable expectation that Defendant would pay the full fair market value for the products.

43.     Defendant accepted the products, and have appreciated, retained and enjoyed valuable benefits from the products. As such, Defendant should have reasonably expected to repay Plaintiff for the products in accordance with the terms of the Agreements.

6

44.     Defendant has not paid or otherwise compensated the Debtors for the products, as set forth in **Exhibit A**.

45.     Under these circumstances, allowing Defendant to retain and enjoy the benefits of the delivered products without fully compensating the Debtors would result in an inequitable outcome and unjustly enrich the Defendant.

46.     There is no adequate remedy provided by law; therefore, Defendant is liable to the Plaintiff for the full fair market value of the delivered productions in the amount of $2,102,804.81, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, in the alternative to the relief requested in Counts I through III, Plaintiff prays for a determination and judgment that Plaintiff is entitled to recover the amount by which Defendant was unjustly enriched, in the amount of $2,102,804.81 and for such other and further relief as the Court may deem just and proper.

## COUNT V

### (Turnover of Property – 11 U.S.C. §§ 105(a) and 542)

47.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-46 of the Complaint as though set forth fully herein.

48.     Defendant is not a custodian pursuant to 11 U.S.C. § 101(11).

49.     Defendant is in possession, custody or control of the amounts owed tos the Debtors as of the date of this Complaint.

50.     These amounts in the possession, custody or control of the Defendant constitute property of the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 541(a).

51.     Plaintiff, on behalf of the Debtors' estates, may use the property under 11 U.S.C. § 363.

ME1 22031095v.1

52.     The amounts owed, pursuant to the Agreements, are valuable and beneficial to the Debtors' estates.

53.     Plaintiff has the power and authority to take possession, custody or control of these amounts and distribute the funds owed to the Debtors' creditors in accordance with the order of priority set forth in the Bankruptcy Code.

54.     Plaintiff has additionally made multiple demands for turnover pursuant to 11 U.S.C. § 542.

55.     As of the date of this Complaint, Defendant has not turned over the amounts owed to Plaintiff.

56.     Pursuant to 11 U.S.C. §§ 105(a) and 542(a), Defendant must deliver the amounts owed to Plaintiff, and Plaintiff is entitled to a judgment for turnover.

WHEREFORE, Plaintiff prays for judgment against Defendant compelling Defendant to turn over the amount of  $2,102,804.81 to Plaintiff, and for such other and further relief as the Court may deem just and proper.

### COUNT VI
### (Disallowance of Proof of Claim – 11 U.S.C. § 502(d))

57.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of the Complaint as though set forth fully herein.

58.     The Bankruptcy Code states that "the court shall disallow any claim of any entity from which property is recoverable under section 542…" *See* 11 U.S.C. § 502(d).

59.     The amounts owed may be recovered from the Defendant pursuant to, *inter alia*, 11 U.S.C. § 542 as set forth above.

60.     Defendant purportedly on behalf of itself [and its subsidiaries and affiliates] filed the [proof of claim #321] in these cases (the "Proof of Claim").

MEI 22031095v.1

61.    The Proof of Claim must be disallowed under 11 U.S.C. § 502(d) until the earlier

of such time as Defendant (i) turns over the property to the Plaintiff, or (ii) the Bankruptcy Court

enters a final and non-appealable order resolving this litigation in favor of the Defendant.

WHEREFORE, Plaintiff prays for the entry of an order disallowing the Proofs of Claim

filed by Defendant until the earlier of such time as Defendant turns over the property in the amount

of  $2,102,804.81  to the Plaintiff or the Bankruptcy Court makes a final and non-appealable ruling

in this litigation in favor of Defendant.


Dated:  February 19, 2025                          CIARDI CIARDI & ASTIN
        Wilmington, Delaware

                                                  */s/ John D. McLaughlin, Jr.*
                                                  John D. McLaughlin, Jr.
                                                  No. 4123
                                                  Ciardi Ciardi & Astin
                                                  1204 N. King Street
                                                  Wilmington, DE  19801
                                                  Telephone:  484-437-2676
                                                  Email:  jmclaughlin@ciardilaw.com

                                                          -and-

                                                  Albert A. Ciardi, III, Esquire
                                                  1905 Spruce Street
                                                  Philadelphia, PA 19103
                                                  (215) 557-3550 telephone
                                                  (215) 557-3551 facsimile
                                                  aciardi@ciardilaw.com
                                                  *Counsel to George L. Miller,*
                                                  *Chapter 7 Trustee*

MEI 22031095v.1